UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMARI MOODY, | |
| Plaintiff, | 26-CV-1478 (LTS) |
| -against- | 26-CV-1481 (LTS) |
| EMORY HEALTHCARE, INC., EMORY CLINIC, INC., PA-C MEREDITH INGRAM, EMILY BARROW, M.D., and JOHN DOE EMORY PERSONNEL 1-5, | ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651 |
| Defendants. | |
| AMARI MOODY, | |
| Plaintiff, | |
| -against- | |
| NORTHEAST GEORGIA ENT, P.C., ALLEN P. BUTLER, M.D., STEPHANIE TICE, and JOHN DOES 1-10, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Amari Moody, who resides in Dacula, Gwinnett County, Georgia, filed these actions *pro se* against Defendants, who reside exclusively in Georgia. For the following reasons, the Court dismisses these complaints and orders Plaintiff to show cause as to why he should not be barred from filing new actions *in forma pauperis* (IFP) without prior permission in this Court.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v.*

*Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted).

## BACKGROUND

On February 20, 2026, Plaintiff filed two complaints in this Court against medical

providers in Atlanta and Gainesville, Georgia.[1] *See Moody v. Emory Healthcare Inc., et* al, No.

26-CV-1478; *Moody v. Northeast Georgia ENT, P.C.,* No. 26-CV-1481. Plaintiff does not allege

facts in either complaint that any of the events giving rise to his claims took place in the

Southern District of New York or that any of the defendants reside in this District.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Title 28, United States Code, Section 1406(a) ("Section 1406(a)") provides that "[t]he

district court of a district in which is filed a case laying venue in the wrong division or district

shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in

---

[1] Atlanta and Gainesville are both located in the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(1)–(2).

which it could have been brought." "When considering whether a transfer would serve the interest of justice, [the court] must weigh 'the equities of dismissing a claim when it could be transferred.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)). The decision "whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *See Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). Further, it is not in the interest of justice to transfer a case where Plaintiff has disregarded the proper forum for the action. *See, e.g.*, *Morel v. Aids Ctr. of Queens Cnty., Inc.*, No. 23-CV-6018 (DLC), 2023 WL 8452402, at *2 (S.D.N.Y. Dec. 6, 2023) ("If 'allowing a transfer' would 'reward [a] plaintiff[ ] for [its] lack of diligence in choosing a proper forum,' transfer is 'not in the interest of justice.'" (quoting *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992))).

Here, neither of the above-captioned actions alleges facts satisfying the relevant requirements of Section 1391(b). Plaintiff does not allege that any Defendant resides in this District, that any events or omissions giving rise to any claim occurred in this District, or that any Defendant is subject to personal jurisdiction in this District. In 2026 alone, Plaintiff has filed four other actions in this Court with no basis for venue in the Southern District of New York, which this Court has transferred to the United States District Court for the Northern District of Georgia. *See Moody v. Boudewyns*, No. 26-CV-0222 (LTS) (S.D.N.Y. Jan. 13, 2026) (transferring action brought against employees of Gwinnett County Superior Court arising from events occurring in Gwinnett County); *Moody v. Nelnet, Inc.*, No. 26-CV-0012 (LTS) (S.D.N.Y. Jan. 9, 2026) (transferring action against defendant not alleged to reside in this district arising from claims not alleged to have occurred in this district); *Moody v. Kijakazi*, No. 26-CV-0109 (LTS) (S.D.N.Y. Jan. 8, 2026) (transferring mandamus claims); *Moody v. Weimer*, No. 26-CV-0128

3

(LTS) (S.D.N.Y. Jan. 20, 2026) (transferring claims against employees of the United States District Court for the Northern District of Georgia). In filing the above-captioned actions, Plaintiff demonstrated a lack of diligence in considering the proper forum, and therefore it would not be in the interest of justice to transfer these claims to the Northern District of Georgia. *See Morel*, 2023 WL 8452402 at *2. Therefore, the Court declines to transfer these actions and dismisses them for improper venue. *See* 28 U.S.C. § 1406(a).

## ORDER TO SHOW CAUSE

Plaintiff has filed four other cases that the Court has transferred for improper venue in the last three months. *See Boudewyns*, No. 26-CV-0222 (LTS) (S.D.N.Y. Jan. 13, 2026); *Nelnet, Inc.*, No. 26-CV-0012 (LTS) (S.D.N.Y. Jan. 9, 2026); *Kijakazi*, No. 26-CV-0109 (LTS) (S.D.N.Y. Jan. 8, 2026); *Weimer*, No. 26-CV-0128 (LTS) (S.D.N.Y. Jan. 20, 2026). In *Weimer*, Plaintiff was warned that if he continued to file actions in this Court for which the venue is improper, the Court would dismiss the action and require Plaintiff to show cause why he should not be barred from filing any new civil action IFP in this court without first receiving permission to file from the court. *See* 28 U.S.C. § 1651.

In light of this litigation history, the Court orders Plaintiff to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does

not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this court unless he first obtains permission from this court to do so.

## MOTIONS

Plaintiff has filed motions for preliminary injunctive relief in both above-captioned actions. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). Because these actions are being dismissed, Plaintiff's motions for injunctive relief are denied.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed for improper venue. *See* 28 U.S.C. § 1406. Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court denies all pending motions without prejudice, and the Clerk of Court is directed to terminate them.

5

The Clerk is directed to hold this matter open on the docket until further order of the Court.

SO ORDERED.

Dated:    April 8, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
