UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI MOODY,

                            Plaintiff,

-against-

EMORY HEALTHCARE, INC., EMORY
CLINIC, INC., PA-C MEREDITH INGRAM,
EMILY BARROW, M.D., and JOHN DOE
EMORY PERSONNEL 1-5,

                            Defendants.

26-CV-1478 (LTS)
26-CV-1481 (LTS)

BAR ORDER
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On April 8, 2026, the Court dismissed the action as frivolous, noted that Plaintiff had filed four other cases that the Court transferred or dismissed for improper venue, and ordered Plaintiff, within thirty days, to show cause by declaration why he should not be barred from filing further actions *in forma pauperis* (IFP) in this Court without prior permission. Plaintiff filed a declaration on April 28, 2026, but his arguments against imposing the bar order are insufficient. Accordingly, the bar order is now imposed.

## CONCLUSION

The Court hereby bars Plaintiff from filing future civil actions IFP in this court without first obtaining from the Court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this Court. If Plaintiff violates this order and files an action without filing a motion for leave to file with a copy of his proposed complaint, the action will be dismissed for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.* The Clerk of Court is directed to close this action and terminate any motions in this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court directs the Clerk of Court to enter a civil judgment dismissing the complaint in each of the above actions.

SO ORDERED.

Dated:    May 13, 2026
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

2